**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV12-00054 JAK (DTBx) | Date | March 29, 2012 |
| Title | JP Morgan Chase Bank, National Association v. Gary Emmit Williams, et al. | | |

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**        **(IN CHAMBERS) ORDER REMANDING CASE JS-6**

On October 28, 2011, Plaintiff JP Morgan Chase Bank, National Association ("JP Morgan") brought an unlawful detainer action ("Action") against Williams in the Superior Court of California, County of Riverside. Notice of Removal, Exh. A, Dkt. 1. On January 11, 2012, Williams removed the Action to this Court. Dkt. 1. He argued that this Court has subject matter jurisdiction over the Action based on federal question jurisdiction, 28 U.S.C. § 1331, because he asserts a defense to the Action under a federal law -- the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5220, 42 U.S.C. § 1437f.

As a court of restricted jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Accordingly, on March 9, 2012, the Court issued an Order to Show Cause regarding this Court's subject matter jurisdiction. Dkt. 7. Defendant filed his timely response on March 22, 2012. Dkt. 8.

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated.

*K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011).

The Action does not raise a federal question. Thus, JP Morgan's complaint does not contain a cause of action that arises under federal law. Although Williams purports to raise a defense arising under federal law, "the existence of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). Defendant's response has failed to demonstrate that JP Morgan's complaint contains a causation of action arising under federal law.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV12-00054 JAK (DTBx) | Date | March 29, 2012 |
|---|---|---|---|
| Title | JP Morgan Chase Bank, National Association v. Gary Emmit Williams, et al. | | |

Accordingly, this case is remanded to the Superior Court of California, County of Riverside, Murrieta (Case No. TEC1109790).

**IT IS SO ORDERED.**

:

Initials of Preparer   ak